UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES C. SULLIVAN, | ) | |
|     No. 454328, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-02864 |
| | ) | Chief Judge Sharp |
| GRADY PERRY, | ) | |
| | ) | |
|     Respondent. | ) | |

**MEMORANDUM**

    James C. Sullivan, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under a May 11, 2010 judgment entered against him by the Williamson County Criminal Court in Williamson County, Tennessee, for aggravated assault with a deadly weapon, vandalism, retaliation for past action, and reckless endangerment.[1] (Docket No. 21 at p. 1).

    The petitioner originally filed his petition in the Western District of Tennessee. (Docket No. 1). By order entered on November 7, 2016, recognizing that it is the practice of the federal district courts in Tennessee that all § 2254 petitions are to be heard in the district in which the conviction was obtained, the Honorable Samuel H. Mays, Jr. transferred the petitioner's action to this court. (Docket No. 13 at p. 2).

    By order entered on November 14, 2016, the court conducted a preliminary review of the

---

[1] The petitioner already was serving a five-year sentence at the time of this 2010 conviction, which is not the subject of the instant petition. (Docket No. 21 at p. 1 n.1).

1

petition and was unable to determine from the face of the petition and from the record at that time whether Sullivan's petition was timely and exhausted. (Docket No. 15). Therefore, the court ordered the respondent to respond and specifically to address whether the petition was timely and whether the petitioner had exhausted his state court remedies. (*Id.*) Presently pending before the court is the respondent's response to the court's order and to the petition. (Docket No. 20).

## I. Introduction

In his motion to dismiss, the respondent asserts that the petitioner has not fully exhausted his state court remedies and therefore this action should be dismissed without prejudice for failure to exhaust. (Docket No. 20). The petitioner has not responded to the motion to dismiss.

## II. Exhaustion of Administrative Remedies

It is axiomatic that one may not seek federal *habeas corpus* relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Any alleged constitutional deprivation must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The rules pertaining to 28 U.S.C. § 2254 cases are applicable to requests for *habeas corpus* relief brought pursuant to 28 U.S.C. § 2241. See Rule 1(b), Rules – § 2254 Cases.

### III. Respondent's Motion to Dismiss for Failure to Exhaust State Remedies

The respondent seeks dismissal of the petitioner's § 2254 petition on grounds that he has failed to fully exhaust available state remedies. (Docket Nos. 20 and 21). Specifically, the respondent points out that Sullivan has neither filed a direct appeal nor a petition for state post-conviction relief. (*Id.* at p. 2). Likewise, the court is unaware of any such action taken by the petitioner.

Based on the record before the court, Sullivan has not met his burden of establishing that he has exhausted all available state court remedies. Consequently, his federal habeas petition must be dismissed without prejudice until the petitioner properly exhausts his state court remedies. *Rose*, 455 U.S. at 522.

### IV. Conclusion

For the reasons explained herein, the record does not demonstrate that the petitioner has exhausted his state court remedies. Therefore, the respondent's motion to dismiss (Docket No. 20) will be granted for failure to exhaust state court remedies, the petition will be denied, and this action will be dismissed **without prejudice** to refile, if desired by the petitioner, once he has exhausted his

state court remedies.

An appropriate order will be entered.

Kevin H. Sharp
Chief United States District Judge